IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM HARLEY TOTTRESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-CV-687-JED-PJC |
| | ) |
| JOE M. ALLBAUGH, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) filed by Petitioner, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Doc. 12), and provided the state court record necessary for resolution of Petitioner's claims (Docs. 12, 13). Petitioner did not file a reply. For the reasons discussed below, the petition is denied.

### *BACKGROUND*

On June 20, 2010, Petitioner William Harley Tottress, Ryan K. Smith, and a third man, broke into and burglarized a home, located in Tulsa, Oklahoma, and robbed the three occupants – Stephen Rodolf, Christopher Gentile, and Gentile's 13-year-old son J.G. – at gunpoint. During the robbery, Petitioner hit Christopher Gentile in the head with his pistol and the robbers confined and threatened to kill all three victims. Petitioner wore a bandana over his mouth during the robbery. A latent fingerprint found in the home matched Petitioner's prints on file with the Tulsa Police Department. When Petitioner was arrested, police found property stolen during the robbery in the car driven by

---

[1] Petitioner is in custody at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. Therefore, the proper respondent in this case is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. For that reason, Joe M. Allbaugh, Director, is substituted as party respondent in place of Mike Addison, Warden. The Clerk of Court shall note the substitution on the record.

Petitioner. Specifically, a gun belonging to Christopher Gentile was found under the driver seat and an iPod belonging to Stephen Rodolf was found on the passenger seat. Police recovered more of the stolen property at the apartment of Petitioner's sister.

Based on these facts, Petitioner was charged, in a Third Amended Information filed in Tulsa County District Court, Case No. CF-2010-2554, with Robbery With a Firearm (Counts 1, 15, 16), First Degree Burglary (Count 2), Possession of a Firearm After Former Conviction of a Felony (Counts 3, 6), Assault and Battery With a Dangerous Weapon (Count 4), Kidnapping (Counts 12, 13, 14), Assault While Masked or Disguised (Count 17), and Receiving Stolen Property (Counts 18, 19). *See* Doc. 13-6, O.R. Vol. I at 132-42.[2]  On the first day of trial, August 15, 2011, before the jury was empaneled, Petitioner entered blind pleas of guilty to all thirteen (13) counts. *See* Doc. 13-1.  On September 27, 2011, Petitioner received sentences totaling 145 years imprisonment.[3]  *See* Doc. 13-2.  At the time of his blind plea, Petitioner was represented by Assistant Public Defender Lora Smart.  *See* Doc. 13-1 at 1.

---

[2]     On August 16, 2011, on the second day of trial and before the conclusion of voir dire, Petitioner's codefendant, Ryan Smith, entered blind pleas of guilty to Counts 1, 2, 4, 12, 13, 14, 15, 16, and 17.  *See* Doc. 13-6, O.R. Vol. I at 18-19.  On September 27, 2011, Smith received sentences totaling 45 years imprisonment, followed by twenty (20) years of probation.  *Id.* at 32-33.  On December 17, 2010, Counts 5, 7, 8, 9, 10, and 11 against Smith were dismissed by the Court.  *Id.* at 13.

[3]     The trial judge sentenced Petitioner as follows: thirty-five (35) years imprisonment on Count 1; twenty (20) years imprisonment on each of Counts 2, 3, 4, and 6, to be served concurrently with each other but consecutive to Count 1; thirty-five (35) years imprisonment on each of Counts 12, 13, and 14, to be served concurrently with each other but consecutive to Counts 2, 3, 4, and 6; thirty-five (35) years imprisonment on each of Counts 15 and 16, to be served concurrently with each other but consecutive to Counts 12, 13, and 14; and twenty (20) years on each of Counts 17, 18, and 19, to be served concurrently with each other but consecutive to Counts 15 and 16.  *See* Doc. 13-2, Tr. Sent. at 16-17.

On October 6, 2011, Petitioner filed a timely motion to withdraw his blind pleas. *See* Doc. 12-2. He alleged that "he was pressured to enter a plea by his attorney [and] . . . by the Court's denial of his motion to continue," and that "his sentence is excessive." *Id.* On October 25, 2011, the trial judge held a hearing on the motion. *See* Doc. 13-5, Tr. Mot. Withdraw Plea Hr'g. Attorney M. J. Denman represented Petitioner at the hearing. *Id.* At the conclusion of the hearing, the trial judge found "there's no evidence before me that would allow this matter to be withdrawn, the plea to be withdrawn." *Id.* at 62. By written Order filed October 31, 2011, the trial judge denied the motion to withdraw pleas. *See* Doc. 12-3.

Represented by attorney Ricki J. Walterscheid, Petitioner filed a petition for writ of *certiorari* in the Oklahoma Court of Criminal Appeals (OCCA). *See* Doc. 12-4. He raised the following propositions of error:

| | |
|---|---|
| Proposition I: | Mr. Tottress should be allowed to withdraw his plea which was not knowingly, intelligently, and voluntarily made because it was entered under duress and without sufficient deliberation. |
| Proposition II: | Because no adequate factual basis exists to support conviction for Count 16, Robbery With a Firearm of [J.G.], this count must be reversed. |
| Proposition III: | A number of Petitioner's convictions violate Mr. Tottress' right to be free from double jeopardy and double punishment. |
| Proposition IV: | Mr. Tottress' pleas of guilty to Counts 3, 6, and 17 were not entered knowingly and voluntarily because Petitioner was misadvised of the punishment ranges for these charges against him. |
| Proposition V: | Mr. Tottress was deprived of his right to the effective assistance of counsel. |

*Id.* at 2. In an unpublished Summary Opinion, filed July 25, 2012, in Case No. C-2011-977 (Doc. 12-5), the OCCA denied the petition and affirmed the Judgment and Sentence of the district court.

Petitioner commenced this federal action by filing a *pro se* petition for writ of habeas corpus (Doc. 1). Petitioner raises the same five grounds for relief he raised on *certiorari* appeal. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. *See* Doc. 12.

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Respondent concedes, *see* Doc. 12 at 2 ¶ 4, and the Court agrees, that Petitioner fairly presented the substance of his claims to the OCCA on *certiorari* appeal. Therefore, the Court finds that Petitioner exhausted state remedies for his claims as required by 28 U.S.C. § 2254(b).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 184-85 (2011); *Williams v. Taylor*, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established

Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). *Id.* at 98; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's claims on *certiorari* appeal. Insofar as Petitioner claims violations of the United States Constitution, his claims will be reviewed pursuant to § 2254(d). To the extent Petitioner also claims violations of the Oklahoma Constitution or

Oklahoma statutory law, those claims are denied because they are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id.* at 68 (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)).

### 1. Pleas entered under duress (Ground 1)

As his first ground of error, Petitioner claims that his blind pleas of guilty were involuntary because they were entered under duress and without sufficient deliberation. *See* Doc. 1 at 4. On *certiorari* appeal, the OCCA denied relief on this claim, finding that:

> after hearing testimony from Petitioner and his original counsel, the district court concluded that counsel was prepared for trial, and that Petitioner's decision to abort the trial and enter blind pleas was voluntarily and intelligently made. The record supports this conclusion, and we find no abuse of discretion in the district court's ruling.

(Doc. 12-5 at 2-3 (citations omitted)).

"It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (internal quotation marks and citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *U.S. v. Broce*, 488 U.S. 563, 569 (1989). A strong presumption of reliability is accorded a defendant's in-court statements made when the plea

was entered concerning the voluntariness of the plea and his satisfaction with his attorney's performance. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

Here, the record supports the conclusion that Petitioner's blind pleas of guilty were both counseled and voluntary. Petitioner's allegation of duress resulting from his attorney's lack of preparation for trial is contradicted by Petitioner's averment, made under oath, that he was satisfied with his attorney's assistance. *See* Doc. 12-1 at 3, ¶ 21. Petitioner also denied having "been forced, abused, mistreated, or promised anything by anyone" to enter his pleas. *Id.* at ¶ 29. Significantly, at the conclusion of the change of plea hearing, the state district judge made a finding of fact that Petitioner's guilty pleas were freely and voluntarily entered, and that Petitioner had knowingly and voluntarily waived his constitutional rights. *See* Doc. 13-1, Tr. Change of Plea Hr'g at 8. Petitioner fails to present clear and convincing evidence to rebut the state court judge's finding of fact that Petitioner's pleas of guilty were knowingly and voluntarily entered. Therefore, the finding of fact is presumed correct. 28 U.S.C. § 2254(e)(1).

In addition, Petitioner's attorney, Lora Smart, testified at the hearing on the motion to withdraw pleas that she "did not pressure" Petitioner and that she "never told him he had to [enter blind pleas]." *See* Doc. 13-5, Tr. Mot. Withdraw Plea Hr'g at 40-41. She testified that "based on the testimony at preliminary hearing, the police reports, the fingerprints, the totality of the evidence," she told Petitioner that if he went to trial, it was her opinion that "he would lose." *Id.* at 41-42. She also told him she was "ready to try the case." *Id.* at 45. Petitioner testified at the

7

hearing that his attorney told him "we were not going to win" because of the strength of the State's evidence, and that she had not prepared an opening statement. *Id.* at 8, 11. Petitioner confirmed that he completed the change of plea paperwork with his attorney's assistance and that he understood he faced a maximum sentence of up to thirteen (13) life sentences. *Id.* at 12. Petitioner also testified that his attorney told him he "didn't have no defense." *Id.* at 13. At the conclusion of that hearing, the trial judge found no basis for allowing the pleas to be withdrawn. *Id.* at 62.

In this habeas action, Petitioner fails to identify how counsel's preparations for trial were deficient or explain how his pleas were otherwise entered under duress. Because Petitioner's unsupported claim that he entered blind pleas of guilty under duress is contradicted by the record, Petitioner's claim fails. Petitioner is not entitled to habeas corpus relief on Ground 1.

## 2. Lack of factual basis for Count 16 (Ground 2)

In Ground 2, Petitioner claims that there was no factual basis to support his conviction of Count 16, Robbery With a Firearm of J.G. *See* Doc. 1 at 6. On *certiorari* appeal, the OCCA denied relief, finding that "a sufficient factual basis for Count 16 is found in Petitioner's own statement in the Summary of Facts on Plea of Guilty." *See* Doc. 12-5 at 3 (citations omitted).

Petitioner has not established that the state court adjudication of this claim – that the factual basis for Count 16 presented at his plea proceeding was legally sufficient – was either contrary to or an unreasonable application of clearly established Supreme Court precedent. Nor could he, since the Supreme Court has held that a state judge need not ascertain the factual basis for a guilty plea prior to accepting the plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting

the crime"). The Supreme Court explained in *Alford* that even though the federal courts are required by Rule 11 of the Federal Rules of Criminal Procedure to establish a factual basis for any guilty or no contest plea, the Constitution imposes no such requirement upon the States. *Id.* at 38 n.11. The Tenth Circuit has expressly noted that "the necessity for a factual basis to support a guilty plea in a state court proceeding is a matter of state, not federal, law." *Berget v. Gibson*, No. 98-6381, 1999 WL 586986, *5 (10th Cir. 1999) (unpublished).[4] A narrow exception exists when a defendant proclaims his innocence at the plea proceeding. *Id.* (It is "[o]nly when the defendant claims his factual innocence while pleading guilty, . . . have state courts been constitutionally required to establish a factual basis for a plea.") (citing *Alford*, 400 U.S. at 37-39); *Perkis v. Sirmons*, 201 F. App'x 648, 651 (10th Cir. 2006) (unpublished) ("[U]nless a defendant claims factual innocence while pleading guilty, there is no federal constitutional requirement for the district court to ascertain a factual basis for the plea."); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary.").

Petitioner does not allege, and the record of the plea proceeding does not reflect, that he claimed innocence during his plea proceeding. Accordingly, the Supreme Court's general rule is clearly dispositive of his claim, and its narrow exception does not apply. The state court's finding that a sufficient factual basis supported Count 16 can hardly be deemed contrary to Supreme Court precedent that does not require the state court to ascertain any factual basis for the plea under these

---

[4] This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

circumstances. Because the Constitution does not require the state to establish a factual basis for a plea of guilty, Petitioner is not entitled to habeas corpus relief on Ground 2.

### 3. Double punishment/double jeopardy (Ground 3)

As his third ground of error, Petitioner alleges that he has been subjected to double jeopardy and/or double punishment by conviction and punishment for both Count 6 – Possession of a Firearm AFC, and Count 18 – Receiving Stolen Property; for both Count 4 – Assault with a Dangerous Weapon and Count 15 – Robbery With Firearms; for both Count 1 – Robbery With Firearms, and Count 2 – First Degree Burglary; and for Count 3 – Possession of a Firearm AFC and other offenses requiring possession of that same firearm (Counts 1, 4, 15, 16). *See* Doc. 1 at 7. The OCCA denied relief on this claim, reviewing for plain error and finding that:

> [p]etitioner's double-jeopardy and double-punishment arguments have been waived for all but plain error due to his failure to raise them below. None of the charges he complains of are identical in law and fact, nor are any of them necessarily included within each other, so they do not constitute double jeopardy. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). As for his statutory double-punishment claim, 21 O.S. § 11 is not violated just because one crime facilitated the commission of another. Each count is aimed at a different aspect of Petitioner's conduct. Petitioner fails to demonstrate any obvious error which renders his pleas involuntary.

(Doc. 12-5 at 3 (citations omitted)).

Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma statutes and the Oklahoma constitution shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. *Estelle*, 502 U.S. at 67-68. Petitioner's multiple punishment claim, insofar as it is based on Oklahoma statutes and the Oklahoma constitution, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

10

A defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *U.S. v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) ("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."). In *Broce*, the Supreme Court explained the purpose of the waiver rule, as follows:

> [a] guilty plea "is more than a confession which admits that the accused did various acts." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969). It is an "admission that he committed the crime charged against him." *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

*Broce*, 488 U.S. at 570; *see also Ex parte Wright*, 119 P.2d 97, 97 (Okla. Crim. App. 1941) ("Where one enters a plea of guilty it will be conclusive proof of his guilt of the offense as alleged in the information.").

For purposes of this Court's review, the initial question is whether Petitioner waived his double jeopardy claim by pleading guilty to each of the referenced charges. The Fifth Amendment's Double Jeopardy Clause protects against "successive prosecutions for the same offense and multiple punishments for a single offense." *See Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995) (citing *U.S. v. Dixon*, 509 U.S. 688, 695-96 (1993)). The waiver of constitutional claims occasioned by a guilty plea applies to double jeopardy violations but with a limited exception for ones that may be facially determined. "[A] defendant who pleads guilty to two counts with facial allegations of

11

distinct offenses concede[s] that he has committed two separate crimes, and is consequently barred from later challenging his multiple convictions on double jeopardy grounds." *Thomas*, 44 F.3d at 888 (internal quotation marks and citation omitted). However, where a double jeopardy violation may be facially determined, a criminal defendant does not waive, and thus subsequently may attack, "a double jeopardy violation [that] is apparent on the face of the indictment and/or the record existing at the time the plea was entered." *Broce*, 488 U.S. at 569.

Here, the record reflects that Petitioner's guilty pleas were, in all relevant respects, entered voluntarily and intelligently after the advice of counsel. *See* Doc. 12-1 at 3, ¶¶ 20, 21. Further, as stated by the OCCA, the record, as it existed at the time of Petitioner's guilty pleas, supports Petitioner's convictions on the challenged counts.

Petitioner has not established that either the charging document or the record before the trial court when the guilty pleas were entered reflected double jeopardy violations on its face. In comparing the elements of the complained of offenses, the Court finds that Possession of a Firearm AFC (Count 6) and Receiving Stolen Property (Count 18), Assault with a Dangerous Weapon (Count 4) and Robbery With Firearms (Count 15), Robbery With Firearms (Count 1) and First Degree Burglary (Count 2), and Possession of a Firearm AFC (Count 3) and Counts 1, 4, 15, 16, each carry distinct legal elements for the offenses. The record before the Court does not support Petitioner's claim that his convictions violate double jeopardy. All of the charges against Petitioner involved "facial allegations of distinct offenses," and Petitioner conceded through his guilty pleas that he committed separate crimes. *See Broce*, 488 U.S. at 570.

In sum, Petitioner has not conclusively demonstrated that either the Third Amended Information or the record before the trial court when his guilty pleas were entered reflected double

jeopardy violations on its face. Having failed to establish that the circumstances in his case fall within an exception to the waiver rule, Petitioner is prohibited from bringing his federal claims in Ground 3 to collaterally attack his guilty pleas and convictions. Further, Petitioner has not shown that the OCCA's rejection of his federal claim "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1), (2). Thus, Petitioner is not entitled to federal habeas relief on Ground 3.

      4.      **Incorrect range of punishment (Ground 4)**

As his fourth ground of error, Petitioner claims that he should be allowed to withdraw his pleas on Counts 3, 6, and 17 because he was misadvised with regard to the range of punishment as to those counts. *See* Doc. 1 at 8. On *certiorari* appeal, Petitioner argued that because some of his prior convictions were "transactional," the correct sentencing range for Counts 3 and 6 was two (2) years to life, not three (3) years to life as he was advised. *See* Doc. 12-4 at 35. Petitioner also claimed that because the crime of Assault While Masked is itself an enhancement, the use of his prior convictions to further enhance was improper and the correct sentencing range was five (5) to twenty (20) years, not twenty (20) years to life as he was advised. *Id.* at 38-39. The OCCA denied relief, reviewing for plain error and finding as follows:

> [p]etitioner's claim that he was incorrectly advised of the punishment range on several counts is also waived by his failure to raise it below. In addition, his arguments are not supported by the record he has provided or by controlling legal authority. The terms imposed on the three charges at issue here were within the range of punishment, even under Petitioner's theories, and all three were imposed concurrently with other sentences. Petitioner fails to show that but for these arguments, which only affect a few of the many counts against him, he would not have entered pleas to all of the charges.

(Doc. 12-5 at 3-4 (citations omitted)).

In *Boykin v. Alabama*, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. *Worthen v. Meachum*, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, *Coleman v. Thompson*, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. *Stinson v. Turner*, 473 F.2d 913, 916 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." *U.S. v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988) (quoting *Blackledge*, 431 U.S. at 74); *see also Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995).

The OCCA found that Petitioner's arguments concerning the punishment ranges for Counts 3, 6, and 17, as raised on *certiorari* appeal "were not supported by the record he has provided or by controlling legal authority." *See* Doc. 12-5 at 4. Furthermore, the OCCA noted that the sentences imposed on Counts 3, 6, and 17, were within the range of punishment provided under state law and were all ordered to be served concurrently with other sentences. The Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law," and that, except in extreme circumstances, federal courts "are bound by their constructions." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67-68).

This claim does not involve extreme circumstances. Thus, this Court is bound by the OCCA's interpretation of Oklahoma law. Furthermore, Petitioner was correctly advised of the maximum possible sentence for Counts 3 and 6, and the sentence imposed for Count 17 did not exceed the maximum sentence recognized by Petitioner. As a result, because the OCCA determined that Petitioner's sentences were within the range of punishment, this Court cannot find that Petitioner's guilty pleas were rendered involuntary based on his allegation that he was misadvised of the sentencing range applicable to those counts. Petitioner is not entitled to habeas corpus relief on Ground 4.

### 5. Ineffective assistance of counsel (Ground 5)

In his fifth ground of error, Petitioner claims he received ineffective assistance of counsel (Doc. 1 at 9). On *certiorari* appeal, Petitioner argued that his attorney provided ineffective assistance in failing to discuss with him the arguments presented in Grounds 2, 3, and 4. In rejecting this claim, the OCCA cited, *inter alia*, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), and ruled as follows:

> [b]ecause these particular complaints were never raised at the hearing on the motion to withdraw plea, they have been waived. The appeal record gives us no indication of whether or not these issues were considered by counsel or discussed with Petitioner. Petitioner has not shown, by clear and convincing evidence, a strong possibility either that counsel was deficient, or prejudice therefrom – specifically, that these issues would have caused Petitioner to maintain his pleas of not guilty and proceed to trial on all of the charges against him.

(Doc. 12-5 at 4 (citations omitted)). Respondent argues that the OCCA's ruling was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. *See* Doc. 12 at 38.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984); *see also Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689; *see also Pinholster*, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under *Strickland* and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002); *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *See Strickland*, 466 U.S. at 700. Thus, it is not always necessary to address both *Strickland* prongs.

In *Hill*, 474 U.S. at 58, the Supreme Court held that *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. In accord with *Strickland*, a defendant challenging the effective assistance of counsel during the guilty plea process must show counsel's performance

was deficient and that such deficient performance prejudiced him. *Id.* at 57-58. As the Court explained in *Hill*,

> in the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . . The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 58-59.

In this habeas action, Petitioner offers nothing in support of these allegations of ineffective assistance of counsel. As determined by the OCCA, nothing in the record sheds light on whether or not counsel considered the issues underlying the claim of ineffective assistance of counsel. Furthermore, in light of the overwhelming evidence of his guilt, Petitioner cannot demonstrate a reasonable probability that, but for counsel's alleged errors in failing to discuss with him the arguments presented in Grounds 2, 3, and 4, he would not have pled guilty and would have insisted on going to trial. *See Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish a reasonable probability he would not have pled guilty and would have insisted on going to trial). Petitioner fails to overcome the doubly deferential review of counsel's performance under *Strickland* and § 2254(d). Therefore, Petitioner is not entitled to habeas corpus relief on Ground 5.

### C.     Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason.  *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).  A certificate of appealability shall be denied.

## CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Joe M. Allbaugh, Director, as party respondent in place of Mike Addison, Warden.
2. The petition for writ of habeas corpus (Doc. 1) is **denied**.
3. A separate judgment in favor of Respondent shall be entered in this matter.
4. A certificate of appealability is **denied**.

ORDERED THIS 14th day of November, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE